## AFFIDAVIT OF SPECIAL AGENT CAROLINE DUVALL

I, Caroline Duvall, a sworn special agent of the U.S. Federal Bureau of Investigation ("FBI"), first being duly sworn, do hereby aver, depose, and state as follows:

## I. ITEMS TO BE SEIZED

1.      I make this "master" affidavit in support of applications three judicial warrants to seize three vehicles, two automobiles and a motorcycle, more particular described as follows:

> **(A) a white 1995 Toyota Camry automobile with Vehicle Identification Number (VIN) 4T1SK12E7SU636875, registered in the name of Regina McCollum, at the address of 9944 Harmony Lane, Maryland 20723, with Maryland license plates 5FBM16;**
>
> **(B)    a silver 1999 Pontiac Grand Prix GT automobile with VIN 1G2WP52K2XF242849, registered in the name of Regina McCollum, at the address of 9944 Harmony Lane, Maryland 20723, with temporary Maryland license plates 92892H;**
>
> **(C)    a black 2009 Kawasaki Ninja motorcycle, with VIN JKAEXMJ1X9DA41917, registered in the name of Erick McCollum, at the address of 9944 Harmony Lane, Maryland 20723, with Maryland license plates 9D3761.**

2.      **SUMMARY**: On May 22, 2008, a group of persons arranged for more than $200,000 to be stolen from a Dunbar armored truck in Washington, D.C.  A federal grand jury has indicted two of these persons, Erick Jordan Wilson and Regina Wilson McCollum, for crimes arising from this incident in a case now pending in the U.S. District Court for the District of Columbia, United States v. Wilson, et al., number 1:09-cr-00134-RJL.  Ms. McCollum and Mr. Wilson are mother and son, and Mr. Wilson had been employed as a driver/guard for Dunbar Armored, Inc.  As set forth in more detail in the rest of this affidavit, there is probable cause to believe that Mr. Wilson and Ms. McCollum purchased the two

automobiles and the motorcycle with the cash proceeds of these crimes.  As a result, the vehicles are themselves proceeds of the crimes and thus are subject to seizure and forfeiture under 18 U.S.C. § 981.  In particular, § 981(b) authorizes the issuance of a warrant to seize property subject to forfeiture, which may be executed whereever the property is found.  More detailed citation to the statutory authority for the vehicles' seizure and forfeiture is set forth later in this affidavit.

## II.  **AFFIANT'S EXPERIENCE**

3.      I am a Special Agent employed by the FBI.  I have been so employed since 2005.  Currently, I am assigned to the Asset Forfeiture/ Money Laundering Squad in the FBI's Washington, D.C.  My investigative assignments include investigating the asset forfeiture aspects of suspected violations of the federal anti-money laundering statutes (18 U.S.C. §§ 1956 and 1957), as well mail fraud (18 U.S.C.§ 1341), wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344), health care fraud (18 U.S.C. § 1347), drug violations (21 U.S.C. §§ 841(a)(1) & 846) and Computer fraud (18 U.S.C. § 1030).  I have received training in Advanced Money Laundering Techniques and Complex Financial Manipulation, and I have also provided asset forfeiture training to regional task forces combating public corruption.  Additionally, I have worked internationally as the FBI Acting Assistant Legal Attache in Bucharest, Romania, and I have also been employed as a State Prosecutor.

4.      I am assisting FBI Special Agent James E. Christie, Jr. with this investigation.  Special Agent Christie has been employed in this capacity since for over nine years.  During that time, he has been assigned to investigate financial institution fraud, money laundering, securities fraud, and is presently assigned to the Violent Crimes and Major Offender (VCMO) Program, which includes investigations involving Theft, Embezzlement, or

Misapplication by a Bank Officer or Employee, Aiding and Abetting, Carrying and Possession of a firearm during a crime, False Information and Hoaxes, and Interference with Commerce by Threats or Violence, bank robbery, and carjacking (18 U.S.C. §§ 2, 656, 924(c )(1)(A), 1038, 1951, 2113, and 2119).   During the course of Special Agent Christie's participation in police investigations, he has had the opportunity to interview numerous defendants, witnesses, victims, and police officers regarding burglaries, theft and the tracing of proceeds of stolen goods.

5.      I make this affidavit based on personal knowledge through investigative techniques and in part, upon information derived from written records and communication with witnesses and other law enforcement personnel.   All observations referenced below that were not personally made by me were related to me by persons who made such observations.

6.      Because this affidavit is being submitted for the limited purpose of setting forth probable cause, I have not included each and every fact known to me or known to the government concerning this investigation.   I have set forth only those facts that I believe are sufficient to establish probable cause for the seizure of the two automobiles and the motorcycle described earlier in this affidavit.

### III. DETAILED STATEMENT OF PROBABLE CAUSE

7.      On May 22, 2008, a Dunbar armored truck was robbed at gunpoint, by an unidentified man, of $210,000 in U.S. currency while it was stopped at a scheduled pickup location on 19th Street, N.W., Washington, D.C.   Mr. Erick Jordan Wilson was the truck's driver/guard.   An FBI investigation into the crime led to evidence that the driver and his mother, Ms. Regina McCollum, had arranged the supposed "robbery" crime.   The investigation also produced evidence that Mr. Wilson had falsely asserted that he had been

a crime victim, when actually he had helped plan and devise the crime, which had been what is colloquially known as "an inside job."

8.      On or about July 28, 2008, a United States Magistrate Judge for the District of Maryland authorized search warrants for each of the following locations: (1) Wilson's former residence, located at a specific apartment at a specific address in the 800 block of 8th Street, Laurel, Maryland; (2) a 2004 Infiniti G35, VIN JNKCV51E64M615610, Maryland license plate 4EES34, registered to a man who admitted to being Wilson's straw purchaser for the Infiniti; and (3) one of the vehicles for which I seek a seizure warrant, the 1995 Toyota Camry, with VIN 4T1SK12E7SU636875.

9.      FBI agents executed the search warrants on July 29, 2008.  During the searches, FBI Agents seized the 2004 Infiniti, based on probable cause that it had been purchased on June 14, 2008, entirely with the cash proceeds from the robbery of the Dunbar armored car.  On May 8, 2009, the Infiniti was declared forfeited to the United States by an administrative, non-judicial process,

10.     On May 14, 2009, a federal grand jury in the U.S. District Court for the District of Columbia handed up an indictment, which charged Erick Jordan Wilson and Reginal Wilson, also known as Regina Wilson McCollum with: Theft, Embezzlement, or Misapplication by Bank Officer or Employee, and Aiding and Abetting, in violation of Title 18, United States Code, Sections 656.   Additionally, the grand jury charged Mr. Wilson with False Information and Hoaxes, in violation of Title 18, United States Code, Section 1038.

11.     In the indictment, the grand jury charged that in May 2008, Wilson and McColllum "devised and executed a scheme to steal money from a Dunbar armored vehicle. As part of the scheme, defendants arranged for a third individual, whose identity is not known to the

Grand Jury, to stage a robbery, at gunpoint, of defendant Wilson and the Dunbar vehicle he was operating." The grand jury found that the stolen funds had been money entrusted to the care of a federally insured banking institution.  Further, the grand jury charged that Wilson had "intentionally conveyed false and misleading information, that is, that the armored vehicle he was operating had been robbed by an assailant armed with a firearm, under circumstances where such information reasonably may have been believed . . ."

12.     This case has been calendared in the U.S. District Court for the District of Columbia as United States v. Erick Jordan Wilson and Regina Wilson, also known as Regina Wilson McCollum, number 1:09-cr-00134-RJL.  Ms. McCollum currently resides at 9944 Harmony Lane, Maryland 20723, and I have confirmed that the three vehicles for which I seek these warrants are located at a specific address in the 9900 block of Harmony Lane in Laurel, Maryland, which is Ms. McCollum's home.  I respectfully submit that the three cars are subject to seizure and forfeiture as proceeds of the indicted crimes, based on the following evidence:

**Pontiac Grand Prix**

13.     According to the purchase contract for the Pontiac Grand Prix, McCollum purchased the Grand Prix on May 1, 2009, via a cash transaction for $4509.70 in Laurel, Maryland. This purchase follows the same *modis operandi* used by Wilson, McCollum's son and co-conspirator, when he purchased the Infiniti (seized and forfeited) using solely cash. Additionally, employment checks revealed that McCollum has been unemployed since 2007, during which she only had one quarter of employment earning $320.  Therefore, there is probable cause to believe that the $4,509.70 in cash used to purchase the Grand Prix was obtained from the Dunbar robbery because McCollum has no income.

## Toyota Camry

14.     During June and July 2008, FBI agents conducted physical surveillance on Wilson's residence in Laurel, Maryland, and an 1995 Toyota Camry was observed bearing Connecticut license plate 546UPT, VIN 4T1SK12E7SU636875, registered to Wilson, with a Connecticut address.   Motor vehicle records revealed a purchase contract in which Wilson sold the Toyota Camry to McCollum on May 11, 2009, after the incident of the Dunbar robbery on May 22, 2008, for $500 in cash.    The Camry's true value is $2575, and McCollum is the registered owner of the Toyota Camry bearing Maryland tags 5FBM16, the subject vehicle.   As stated above, employment checks revealed that McCollum has had only one quarter of earnings in 2007, and she has been unemployed since 2007.   Thus, there is probable cause to believe that McCollum, being unemployed, used cash proceeds from the Dunbar heist to purchase the Toyota Camry for a fraction of the true value of the vehicle from her son, Wilson.

## The Kawasaki Motorcycle

15.     According to the purchase contract, on May 26, 2009, Erick Jordan Wilson paid $5,430.77 in cash for the 2009 Kawasaki motorcycle.   Employment checks revealed that from 2007 to 2009, Wilson earned a total of $17,202 in wages.   Over the course of two years, these earnings would be necessary for the cost of living expenses such as rent, and not as expendable cash to be used for the purchase of the Infiniti, and a motorcycle.   To date the only proceeds from the Dunbar heist recovered by the government was the Infiniti, purchased by an admitted straw purchaser on behalf of Wilson, for $26,076.88 in cash on June 14, 2008.   Given Wilson's negligible employment, there is probable cause to believe that the Kawasaki motorcycle was purchased from cash proceeds of the Dunbar robbery,

because $183,923.12.of stolen monies remains at large have not been recovered by the government.

## STATUTORY CITATIONS

17.    Title 18 U.S.C. § 981(a)(1)(C) authorizes forfeiture to the United States of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 656, among a number of other crimes.

18.    Title 18 U.S.C. § 981(b)(1) states that "any property subject to forfeiture to the United States . . . may be seized" by agents of the Attorney-General.  Section 982(b)(2) states that such "seizures shall be made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure . . . ." Section 983(b)(3) states that "a seizure warrant may be issued  by a judicial officer in any district in which a forfeiture action against the property may be filed . . . and may be executed in any district in which the property is found . . . ."   Because a forfeiture action may be filed in the District of Columbia because the robbery occurred in this district, this Court has authority to issue the seizure warrants that I seek.

## CONCLUSION

19.    Based on the information contained in this affidavit, there is probable cause to believe that Erick Jordan Wilson and Regina Wilson McCollum, and other, yet unidentified, suspects committed the theft of $210,000 from a Dunbar armored truck.

20.    Based on the information contained in this affidavit, there is probable cause to believe that Wilson and McCollum, who have negligible legitimate income income, purchased a Pontiac Grand Prix, a Toyota Camry, and a Kawasaki motorcycle with proceeds from the Dunbar robbery.

21.     Therefore, I respectfully pray that this court issue seizure warrants for the Pontiac

Grand Prix, the Toyota Camry and the Kawasaki motorcycle which are subject to seizure and

forfeiture under 18 U.S.C. § 981(a)(1)(C) because the subject vehicles constitute proceeds

traceable to a violation of 18 U.S.C. § 656 (Theft, Embezzlement, or Misapplication by a

Bank Officer or Employee).

22.     It is therefore respectfully requested that a judge of this Court issue a warrant to seize

> **(A)  a white 1995 Toyota Camry automobile with Vehicle Identification
> Number (VIN) 4T1SK12E7SU636875, registered in the name of Regina
> McCollum, at the address of 9944 Harmony Lane, Maryland 20723, with
> Maryland license plates 5FBM16;**
>
> **(B)   a silver 1999 Pontiac Grand Prix GT automobile with VIN
> 1G2WP52K2XF242849, registered in the name of Regina McCollum, at
> the address of 9944 Harmony Lane, Maryland 20723, with temporary
> Maryland license plates 92892H;**
>
> **(C)    a black 2009 Kawasaki Ninja motorcycle, with VIN
> JKAEXMJ1X9DA41917, registered in the name of Erick McCollum, at
> the address of 9944 Harmony Lane, Maryland 20723, with Maryland
> license plates 9D3761.**

FURTHER THAN THIS, affiant sayeth not.

.

_____
Caroline Duvall
Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me this _____ day of June, 2009.


_____
United States Magistrate Judge